ELIZABETH BRYANT, ADMINISTRATRIX, &c., OF RICHARD BRYANT, DECEASED, ET AL., v. WILLIAM H. FISSELL, TRADING, &c., AS W. H. FISSELL & COMPANY, PROSECUTOR.

Argued November 8, 1912—Decided March 24, 1913.

1. When a judgment of the Court of Common Pleas, awarding compensation in case of death under section 2 of the "Employers' Liability act" of 1911 (*Pamph. L.*, p. 134, ch. 95), is removed to the Supreme Court by *certiorari*, the Supreme Court accepts the findings of the Common Pleas Court upon the facts if there be any legal evidence to warrant them.

2. To warrant a recovery under section 2 of the "Employers' Liability act" of 1911 (*Pamph. L.*, p. 134, ch. 95), from an employer for the death of an employe, it must appear that the employe's death was caused by (*a*) an accident, (*b*) arising out of, and (*c*) in the course of, his employment. Even though the injury arose out of and in the course of the employment, if it be not an "accident" within the purview of the act, there can be no recovery. Even if there be an accident which occurred "in the course of" the employment, if it did not arise "out of the employment," there can be no recovery; and even though there be an accident which arose "out of the employment," if it did not arise "in the course of the employment," there can be no recovery.

3. The burden of furnishing evidence from which the inference can be legitimately drawn that the death of an employe was caused by "an accident arising out of and in the course of the employment," in an action under section 2 of the "Employers' Liability act" of 1911 (*Pamph. L.*, p. 134, ch. 95), rests upon the claimant.

4. The question whether or not an injury to an employe is an "accident" within the purview of section 2 of the "Employers' Liability act" of 1911 (*Pamph. L.*, p. 134, ch. 95), is a mixed one of law and fact. When applied to ascertained facts, it is a question of law.

55 *Vroom.*                          Bryant, Adm'x, v. Fissell.

5. Within the purview of the "Employers' Liability act" of 1911 (*Pamph. L., p.* 134, *ch.* 95), an "accident" is an unlooked-for and untoward event which is not expected or designed.

6. In an action under section 2 of the "Employers' Liability act" of 1911 (*Pamph. L., p.* 134, *ch.* 95), the Common Pleas judge found as a fact that the decedent was killed by "a heavy bar of metal falling upon his head from one of the upper stories" of the building upon which he was at work, and that the falling of the bar was caused by another workman. *Held*, that decedent's death was caused by "an accident" within the purview of the act.

7. Within the purview of the "Employers' Liability act" of 1911 (*Pamph. L., p.* 134, *ch.* 95), an accident arises "in the course of the employment" if it occurs while the employe is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time.

8. Within the purview of the "Employers' Liability act" of 1911 (*Pamph. L., p.* 134, *ch.* 95), an accident arises "out of" the employment when it is something the risk of which might have been contemplated by a reasonable person, when entering the employment, as incidental to it.

9. A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service.

10. A risk may be incidental to the employment when it is either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the employment owing to the special nature of the employment.

11. When the evidence permitted the Common Pleas judge to find as a fact that decedent, while at work for his employer as a journeyman carpenter, on a building in course of erection, was killed by the falling of a bar of metal from one of the upper stories, which was caused to fall by a workman of an independent contractor who had work on the same building, the judge was justified in concluding that decedent's death arose "out of and in the course of his employment," within the purview of section 2 of the "Employers' Liability act" of 1911. *Pamph. L., p.* 134, *ch.* 95.

On *certiorari.*

Before Justices TRENCHARD and MINTURN.

For the prosecutor, *McCarter & English* (*Conover English* on the brief).

For the defendants, *Henry Carless.*

The opinion of the court was delivered by

TRENCHARD, J.    This writ brings up for review a judgment of the Essex County Common Pleas Court in an action brought by Elizabeth Bryant, administratrix, &c., and widow of Richard Bryant, deceased, on behalf of herself and the next of kin, to recover from Richard Bryant's employer compensation for his death.

The action was based upon an implied acceptance by the employer of the provisions of section 2 of the "Employers' Liability act" of 1911.    *Pamph. L., p.* 134, *ch.* 95.

A judgment in favor of the claimant, and against the employer, was entered, computed upon the basis allowed by the act, and the employer sued out this writ.

The learned trial judge found, among others, the following matters of fact:    "That Richard Bryant, deceased, was on the 25th day of April, 1912, employed by respondent (prosecutor), William H. Fissell, as a journeyman carpenter; that on the said 25th day of April, while engaged in his duties as carpenter, in the employ of the respondent (prosecutor), he received injuries by reason of a heavy bar of metal falling upon his head from one of the upper stories of a building being erected at the corner of Market and Beaver streets, in the city of Newark, which said injuries caused the death of the said Richard Bryant; that the falling of the said bar of metal was not caused by any of the employes of the said respondent (prosecutor), but by an employe of some other and independent contractor, who had work to do on said building; that said injury arose out of and was in the course of his employment."

It is conceded that there was legal evidence to warrant such findings of fact, hence they will be accepted in this court. *Sexton* v. *Newark District Telegraph Co., post p.* 85.

Paragraph seven of section 2 of the act provides that: "When employer and employe shall by agreement, either express or implied, as hereinafter provided, accept the provisions of section 2 of this act, compensation for personal injuries to or for the death of such employe by accident arising out of

and in the course of his employment shall be made by the employer without regard to the negligence of the employer," &c.

The prosecutor's reasons for reversal are embraced in the proposition that the death of Bryant was not caused by "accident arising out of and in the course of his employment."

Hitherto the pertinent language of paragraph seven of our act, "by accident arising out of and in the course of his employment," has not been construed by this court.

But the language is identical with the language of the British Workmen's Compensation act of 1906 (6 *Edw. VII., c.* 58), and therefore cases in that jurisdiction construing that language in their act will be useful in construing the same language in our own.

To warrant a recovery, it must appear that Bryant's death was caused by (*a*) an accident, (*b*) arising out of, and (*c*) in the course of, his employment. Even though the injury arose out of and in the course of the employment, if it be not an "accident," within the purview of the act, there can be no recovery. Even if there be an accident which occurred "in the course of" the employment, if it did not arise "out of the employment," there can be no recovery; and even though there be an accident which arose "out of the employment," if it did not arise "in the course of the employment," there can be no recovery. *Fitzgerald* v. *Clarke & Son* (1908), 2 *K. B.* 796; *Craske* v. *Wigan* (1909), *Id.* 635.

The burden of furnishing evidence from which the inference can be legitimately drawn that the death of an employe was caused by "an accident arising out of and in the course of his employment" rests upon the claimant. *Barnabas* v. *Bersham Colliery Co.* (1910), 102 *L. T.* 621; and on appeal (1910), 103 *Id.* 513.

The question whether or not an injury is an "accident" within the purview of the act is a mixed one of law and fact. *Roper* v. *Greenwood* (1900), 83 *L. T.* 471. When applied to ascertain facts, it is a question of law. *Fenton* v. *Thornley & Co.* (1903), *A. C.* 443.

Within the purview of the act, an "accident" is an unlooked for mishap or untoward event which is not expected or designed. *Fenton* v. *Thornley & Co.* (1903), *A. C.* 443; *Clover, Clayton & Co.* v. *Hughes* (1910), *Id.* 242.

In the present case the ascertained facts were that the decedent was killed by "a heavy bar of metal falling upon his head from one of the upper stories" of the building upon which he was at work, and that the falling of the bar was caused by another workman. Clearly such finding justified the conclusion that decedent's death was caused by "an accident" within the purview of the act. It is to be observed that there was no evidence from which it might be inferred that the other workman *intentionally* caused the bar to fall on the decedent, and the presumption is to the contrary. We are therefore not now concerned with the question whether when an employe is intentionally injured by another, it may be properly characterized as an accident, as was held in *Nisbet* v. *Rayne & Burn* (1910), 2 *K. B.* 689, it being there said that the occurrence must be judged from the victim's point of view.

It remains to be considered whether the accident arose both "out of and in the course of his employment."

For an accident to arise out of and in the course of the employment, it must result from a risk reasonably incidental to the employment. As was said by Mr. Lord Justice Buckley in *Fitzgerald* v. *Clarke & Son* (1908), 2 *K. B.* 796. "The words 'out of' point, I think, to the origin and cause of the accident; the words 'in the course of' to the time, place and circumstances under which the accident takes place. The former words are descriptive of the character or quality of the accident. The latter words relate to the circumstances under which an accident of that character or quality takes place. The character or quality of the accident as conveyed by the words 'out of' involves, I think, the idea that the accident is in some sense due to the employment. It must be an accident resulting from a risk reasonably incident to the employment."

We conclude, therefore, that an accident arises "in the course of the employment" if it occurs while the employe is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time.

That the findings of fact in the present case justified the conclusion that the accident to Bryant occurred "in the course of" his employment, is beyond dispute.

We are also of opinion that the conclusion of the Common Pleas judge that the accident arose "out of" the employment was likewise justified.

The prosecutor argues that there can be no recovery because the bar of metal which killed Bryant was caused to fall *by a workman of an independent contractor* doing work on the same building.

We think there is no merit in this contention.

In *Challis* v. *London and Southwestern Railway Co.* (1905), 2 *K. B.* 154, an engine driver, while driving a train under a bridge, was injured by a stone dropped by a boy from the bridge. It was held that his injuries were caused by an accident arising "out of" and in the course of his employment. Master of the Rolls Collins said: "We must, I think, approach the question whether what occurred was a risk incidental to the employment of an engine driver from the standpoint that a train in motion has great attractions for mischievous boys as an object at which to discharge missiles. It seems to me that the legislature, in framing the Workmen's Compensation act (1897), intended to provide for the risks of accident which are within the ordinary scope of the particular employment in which the workman is engaged. No doubt the act does not use the expression 'risks incidental to the employment,' but the interpretation of the words 'accident arising out of and in the course of the employment' appears to me necessarily to involve the consideration of the question what risks are commonly incidental to the particular employment in question." Lord Justice Cozens-Hardy said that the risk of such an occurrence was one which might reasonably be looked upon as incidental to the employment of an engine

driver, though it might not be incidental to other employments, and *Armitage* v. *Lancashire and Yorkshire Railway Co.* (1902), 2 *K. B.* 178 (upon which the prosecutor in this case relies), was distinguished on the ground that there the accident was not one of the risks to which it was within the scope of the employment of the workman to submit.

*Challis* v. *London and Southwestern Railway Co., supra,* was applied by the Court of Appeals in *Nisbet* v. *Rayne & Burn* (1910), 2 *K. B.* 689, where it was held that the death of a cashier, who was robbed and murdered in a railway carriage while carrying money to pay the wages of his employers' workmen, was caused by accident arising "out of" and in the course of his employment, on the ground that the risk of being robbed and murdered is a risk incidental to the employment of those who are known to carry considerable sums in cash on regular days by the same route to the same place.

A similar decision was given by the majority of the Court of Appeals in Ireland in *Anderson* v. *Balfour* (1910), 2 *I. R.* 497, where it was held (Lord Justice Cherry dissenting) that injury sustained by a gamekeeper, through a criminal attack by poachers, was injury arising "out of" and in the course of his employment.

We conclude, therefore, that an accident arises "out of" the employment when it is something the risk of which might have been contemplated by a reasonable person, when entering the employment, as incidental to it. That this is so appears from an examination of *Armitage* v. *Lancashire and Yorkshire Railway Co., supra; Collins* v. *Collins* (1907), 2 *I. R.* 104; *Murphy* v. *Berwick* (1909), 43 *Ir. L. T.* 126; and *Blake* v. *Head* (1912), 106 *L. T.* 822, in each of which recovery was denied because the act of the third party was not a risk reasonably to be contemplated by the employe in undertaking the employment.

A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service. *Pope* v. *Hill's Plymouth Co.* (1910), 102 *L. T.* 632, and on appeal (1912), 105 *Id.* 678.

And a risk may be incidental to the employment when it is either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the employment owing to the special nature of the employment. *Elliott's Workmen's Compensation Act* (*6th ed.*) 71.

In the present case the Common Pleas judge found as a fact that decedent, while at work for his employer, the prosecutor, as a journeyman carpenter, on a building in course of erection, was killed by the falling of a bar of metal from one of the upper stories, which was caused to fall by a workman of an independent contractor who had work on the same building. Under the authorities cited, the judge was justified in concluding that his death was an accident arising "out of" his employment. The inference was clearly permissible that it was one the risk of which might have been contemplated by a reasonable person when entering the employment, as incidental to it.

It is to be observed that when, as here, there has been an acceptance of section 2 of the act, it is expressly provided by the act that compensation "shall be made by the employer without regard to the negligence of the employer." Paragraph 7. The fact, if it be a fact, that the representative of the decedent has also a right of action against a third party, in nowise militates against the present action. The act under which this suit is brought, and which at best provides only for partial compensation, nowhere provides specifically or by implication that an employe shall be deprived of his right to compensation thereunder merely because the accident gives rise to a right of recovery against a third party.

The judgment will be affirmed, with costs.