# NEW JERSEY MISCELLANEOUS REPORTS. 523

N. J. Dept. Labor—Jones v. Public Service Transportation Co.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

CHARLES E. JONES, PETITIONER, v. PUBLIC SERVICE
TRANSPORTATION COMPANY, IMPLEADED AS PUBLIC
SERVICE RAILWAY COMPANY, RESPONDENT.

**Petitioner, Employed as an Electrician, was Injured After Hours While Using an Emery Wheel to Grind Down a Lock He Had Purchased For His Locker—Held, That the Injury Did Not Occur During the Employment.**

On determination and order for dismissal.

For the petitioner, *Nathan Wiesfled*.

For the respondent, *James O. Boyd*.

\*    .    \*    \*    \*    \*    \*    \*

From the evidence submitted it appears that Charles E. Jones, the petitioner, had been engaged by the respondent on April 5th, 1926, as an electrician; his work would be mostly ignition work on buses. It would seem that he was hired around noon time and was sent to the company doctor around three o'clock in the afternoon for a physical examination before he would be accepted as an employe. Petitioner states he left the doctor's office in the Terminal Building in Newark just about five o'clock and would have to go from the Terminal Building in the center of Newark to the Lake Street garage, which is located on Bloomfield avenue. His regular quitting time at the Lake Street garage was five-thirty. On cross-examination he admitted that he would have to get his car, which was located on one of the side streets near the Terminal Building, and that he drove from there to a hardware store and bought a lock, and that he then drove from the store to the Lake Street garage. He then went to an emery wheel in the machine shop of the respondent, and in attempting to

grind this lock, which he had purchased for his locker, caused the lock to jam in the emery wheel, with the result that he was either struck with a piece of the emery wheel or a piece of the lock, which caused him to lose several teeth and inflicted a scar on the side of his face. The foreman of the Lake Street garage and his assistant both testified that petitioner arrived at the Lake Street garage after five-thirty, and that, therefore, the grinding of the lock was done after quitting time. The evidence further showed that there was no occasion for the petitioner to use the emery wheel, and there was no obligation upon him to buy a lock for his locker.

Respondent contends that, therefore, the accident did not arise out of and in the course of the employment. Under the case of *Bryant* v. *Fissel*, 86 *Atl. Rep.* 458, it was held that an accident, to arise out of and in the course of the employment, must be an accident within the reasonable contemplation of the parties at the time of hiring. It has also been held that for the petitioner to meet with an accident arising out of and in the course of his employment, he must be in a place where he could reasonably be expected to be and doing the work that he was employed to do.

In the case at bar the petitioner was in the machine shop division of the garage working on an emery wheel, which the foreman testified was no part of his employment. He was employed as an electrician, and working after his regular working hours grinding a lock which was his own personal property.

Therefore, it is my opinion that this accident did not arise out of and in the course of the petitioner's employment, and the petition, therefore, should be dismissed.

HARRY J. GOAS,
*Deputy Commissioner.*