New Jersey Department of Labor,
Workmen's Compensation Bureau.

## MARY BROWN, PETITIONER, v. DOLLAR STEAMSHIP LINES, RESPONDENT.

Decided July 12, 1935.

For the petitioner, *Louis Steisel.*

For the respondent, *William T. Ard.*

\*     \*     \*     \*     \*     \*     \*

I do hereby find and determine thereupon that the petitioner's decedent, Eugene W. Brown, was due at Pier 9, Jersey City, his place of employment by the respondent at six o'clock A. M., on June 3d, 1934; that while he was on his way to work he entered the Erie Railroad station smoking room adjacent to lavatory conducted by the Erie Railroad for the benefit of its patrons and used by the public. That the smoking room is approximately one-quarter mile from the entrance to respondent's Pier 9 and that under normal conditions it would take about eight minutes to walk from the smoking room to Pier 9. That the decedent was found in the smoking room of the Erie Railroad station at approximately five-twenty o'clock A. M., suffering from bodily injuries. That decedent did not report for work or reach the place of his employment by respondent on June 3d, 1934.

It is a necessary implication of the contract of employment that the workman shall come to his work and shall leave, with reasonable speed, when the work is over. Applying that doctrine which is laid down in *Terlecki* v. *Strauss,* 85 *N. J.*

L. 454; 89 *Atl. Rep.* 1023; *affirmed,* 86 *N. J. L.* 708; 92 *Atl. Rep.* 1087, to the testimony of the case *sub judice* I find that the place where decedent was found is not in such close proximity to the premises of the employer as to be in principle on the premises of the employer; that while there is no testimony of decedent's action or conduct in or about the Erie Railroad station I find that he deviated from the alleged usual and customary path and that there is on all the facts and circumstances in the testimony a presumption that he so deviated for his own convenience.

I do further find that the interval of time between that necessary to reach the place of employment from the smoking room and the time at which he was to have reported, in relation to the time decedent was found in the smoking room is not "reasonable" under the doctrine of *Terlecki* v. *Strauss, supra,* and therefore the injury is not within the contemplation of the employment by respondent, or within the intent of the legislation under which compensation is sought by the petitioner.

There was little, if any, testimony offered as to an accident and applying the precedent and rule of the case of *Nardone* v. *Public Service,* 113 *N. J. L.* 540; 174 *Atl. Rep.* 745, the facts of which are much stronger than the proofs in the instant case I find that the petitioner has failed to prove an accident to decedent.

Applying the construction of the statutes as found in the case of *Bryant* v. *Fissell,* 84 *N. J. L.* 72; 86 *Atl. Rep.* 458, to the testimony admissions and stipulations of the parties I find and determine that the petitioner has failed to prove that the decedent met with, and that his death resulted from, an accident arising out of and in the course of his employment by respondent. The words "arising out of" and the words "in the course of" are used conjunctively in the statute and in order to satisfy the statute to obtain its benefits both conditions must concur.

It is * * * ordered that a judgment of no cause of action be entered in favor of the respondent and against the petitioner and the petition of the petitioner be and the same is hereby dismissed.