NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HELEN DIETZ, PETITIONER, v. EAGLE GROCERY COM-
PANY, RESPONDENT.

Decided March 19, 1936.

For the petitioner, *Louis Steisel*.

For the respondent, *Simons & McKeown*.

\*        \*        \*        \*        \*        \*        \*

Decedent was found dead in respondent company's store under date of January 23d, 1935, with rope about neck and legs. Defense is that decedent did not meet with an accident arising out of and in the course of employment.

I have carefully considered the testimony of the various witnesses, noted the testimony as to the demeanor of the decedent prior to the accident, the fact that he had been promoted, his honesty and his integrity, the testimony of the police as to their findings, the position of the body, the marks on the partitions and pipe, the condition of the rope and the manner in which the window and door on the inside being barricaded and not disturbed, the door giving entrance at the front being locked, the stock and contents of register being in order, the report of Dr. Haskins and his findings that death was by "asphyxiation by hanging." Incidental to these facts is the finding of decedent's knife and its placement.

The question is whether or not petitioner has sustained the burden of proving that decedent met with an accident arising out of and in the course of employment.

The leading case in New Jersey as to what constitutes an accident is *Bryant* v. *Fissell,* 84 *N. J. L.* 72; 86 *Atl. Rep.* 458. I need not go into the doctrine promulgated in that case except to remark that the burden is upon the petitioner to prove an accident—1, "Arising out of;" 2, "and in the course of employment."

In *Nardone* v. *Public Service,* 113 *N. J. L.* 540; 174 *Atl. Rep.* 745, petitioner was found on employer's premises with a fractured skull. The Supreme Court in denying compensation and upholding the bureau stated: Death to be compensable must not only occur in course of employment, but must arise out of employment, that proper deducible inference has sufficient probative value to sustain a judgment. Suicide and murder are not to be presumed in compensation proceeding for death of employe in course of employment, where proof is lacking as to how death occurred.

Accident "arises out of employment" when it is something risk of which might have been contemplated by reasonable person, as incidental to it, and risk is incidental to employment where it belongs to or is connected with what workman has to do in fulfillment of his contract of service.

Test for determining whether death "arose out of employment," whether proof be direct, circumstantial, or presumptive is whether proof shows that cause of death was due to risk which was directly or indirectly connected with or incidental to employment.

Mere finding of body of employe at place of his employment where employe had right to be, does not raise presumption or rational inference sufficient to sustain verdict against employer for employe's death where no evidence is offered to show how death occurred or that death was result of a risk which employe, as reasonable person, might have contemplated, and which risk was connected with fulfillment of employe's contract of service.

Claimant suing for death of employe, in absence of proof as to how death occurred, has duty to prove that death was

caused by accident arising out of and in course of employment, and proof, whether direct, presumptive or circumstantial, must be legal.

To impose liability on employer for employe's death in absence of proof as to how death occurred on presumptive or circumstantial evidence, there must be found circumstances which form basis for rational inference, tantamount to legal proof of fact, that accident resulting in death arose out of and in course of employment.

Broad and liberal interpretation given to Workmen's Compensation act cannot justify judgment based on mere guess or conjecture, but judgment must be based on legal evidence only.

Under the circumstances I am holding that in the case *sub judice* petitioner has not sustained the burden of proving that decedent met with an accident arising out of and in the course of employment and I am, therefore, dismissing the petition.

\*       \*       \*       \*       \*       \*       \*

JOHN C. WEGNER,
*Deputy Commissioner.*