NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

VERONICA F. STINSON, PETITIONER, v. DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INCORPORATED, RESPONDENT.

Decided August 27, 1936.

For the petitioner, *Messano & Messano.*

For the respondent, *Clarence B. Tippett.*

\*        \*        \*        \*        \*        \*        \*

There are two important questions to be determined by the bureau in this case:

1. Whether or not the petitioner had abandoned his employment at or prior to the accident.

2. Whether or not the accident arose out of and in the course of petitioner's employment.

In *Bryant* v. *Fissel,* 84 *N. J. L.* 72 (at *p.* 77); 86 *Atl. Rep.* 458, an accident arises in the course of the employment,

if it occurs while the employe is doing what a man so employed may reasonably do within a time during which he was employed and at a place where he may reasonably be during that time.

An accident arises out of employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the condition under which it is required to be performed. Sometimes the employment will be found to directly cause the injury but more often it arises out of the conditions incident to the employment. A causal connection between the accident, though not foreseen or expected, had its origin in a risk connected with the employment and flowed from that source as a natural consequence.

From the testimony it would appear that decedent had been employed as a traveling auditor. A short time previous to the accident he was assigned to install a system of bookkeeping in respondent's plant at Erie, Pennsylvania. He was permitted to return to his home in Jersey City about December 22d for the Christmas holidays. From the testimony of his superior, a Mr. Jones, comptroller, he was free until after the holidays and had no duties to perform.

He did call at the Hackensack plant of respondent on December 24th. He did apparently discuss business with the manager of said plant. He did leave there approximately one-thirty or two o'clock. From that time until his appearance at the plant of the Consolidated Film Company, his whereabouts are not stated. This later company is in no way connected with the respondent and his call was purely personal as well as to meet his brother for the purpose of transporting him home. These facts are undisputed.

Two cases present themselves in New Jersey covering the doctrine of abandonment of employment. *Hanover* v. *Pennbrook Golf Club,* 10 *N. J. Mis. R.* 378; 159 *Atl. Rep.* 387, and *Colucci* v. *Edison Portland Cement,* 94 *N. J. L.* 542; 111 *Atl. Rep.* 4.

A review of the cases of other jurisdiction would reflect that where there is an abandonment of employment followed by an accident compensation is not payable.

In the case of *State, ex rel. Niessen* v. *District Court of Ramsey County*, 172 *N. W. Rep.* 133, a salesman who departed from schedule and visited other places and was killed by automobile accident—held not compensable.

In the case *sub judice* the burden falls fully upon the petitioner to definitely prove that decedent's death was due to an accident arising out of and in the course of his employment. He left respondent's plant at two P. M., his whereabouts until approximately four P. M. is not shown. His call at another plant not in any way connected to the respondent as well as the reason for such call to take his brother home was not in any way incidental to his employment.

There was in my opinion an abandonment of employment in this instance, assuming that the call at the Hackensack plant could be termed employment, immediately upon his leaving that plant approximately between one-thirty and two P. M., from that period he was at his own leisure which does not carry into such period insurance from his employers.

I am, therefore, of the opinion that decedent did not meet with an accident arising out of and in the course of his employment.

It is, therefore, ordered that judgment be entered in favor of the respondent and that the petition herein be and the same is hereby dismissed.

JOHN C. WEGNER,
*Referee.*