MOSES BIRD, Jr., PETITIONER-DEFENDANT, v. LAKE HOPATCONG COUNTRY CLUB, RESPONDENT-PROSECUTOR.

Argued January 20, 1938—Decided February 18, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Reginald V. Spell* (*William Wann,* of counsel).

For the defendant, *Benjamin B. H. Greenwood.*

The opinion of the court was delivered by

PERSKIE, J.  Did the accident in this workmen's compensation case arise out of and in the course of petitioner's employment with respondent?  We think so.

The proofs disclose that petitioner was employed by respondent as a caddy.  He was under the immediate supervision of the caddy master, who in turn received his orders from respondent's professional golf instructor.  Petitioner and the other caddies would, from time to time, do such things in and about the club and the grounds, in addition to caddying, as the caddy master and the professional instructor would ask or direct them to do.  Not by way of limitation but rather for example, they were obliged to, and, in fact did, as part of their duties incident to caddying, "pick up

416

paper" about the club and grounds; "rake out the traps;" "pick up balls;" "chop down trees on the course."

On September 16th, 1936, in the absence of the caddy master, petitioner, with the aid of several other caddies, and at the request of respondent's golf instructor, climbed a tree on respondent's golf course to pick apples therefrom. This work was under the immediate supervision and direction of respondent's golf instructor. While so engaged, petitioner fell from the tree and sustained the injuries for which he sought compensation. The acting deputy commissioner in the workmen's compensation bureau granted the petitioner an award, the amount of which was not then, and is not now, challenged. An appeal from that award, based upon the question of respondent's liability, was taken to the Morris County Court of Common Pleas. That court affirmed the award. We granted *certiorari*.

The apposite law is well settled. In order for an accident to arise out of one's employment, it must have been a risk which might have been contemplated by a reasonable person as incidental to his employment; and the risk is incidental to his employment when it belongs to or is connected with that which the employe is obliged to do or is called upon to do, in order to fulfill his contract of hire. *Bryant, admx.,* v. *Fissell,* 84 *N. J. L.* 72; 86 *Atl. Rep.* 458; *Nardone* v. *Public Service, &c., Co.,* 113 *N. J. L.* 540; 174 *Atl. Rep.* 745; *Belyus* v. *Wilkinson-Gaddis Co.,* 115 *N. J. L.* 43; 178 *Atl. Rep.* 181; *affirmed,* 116 *N. J. L.* 92; 182 *Atl. Rep.* 873.

We are entirely satisfied that from the facts as proved flows the proper deducible inference, tantamount to proof of the fact, that respondent's instructor had the right to, and in fact did, control and at times did actually supervise the work of the caddies on the golf course; and that he was clothed by respondent with at least apparent, if not expressed, authority so to do. The instructor was the caddy's superior. Failure of the caddy to carry out his orders concededly meant that the caddy would at least be placed at the bottom of the list for services as a caddy.

Petitioner had not at the time of the accident, as had the caretaker of the greens who endeavored to climb the cupola

of the barn in the case of *Hanover* v. *Pennbrook Golf Club,* 10 *N. J. Mis. R.* 378; 159 *Atl. Rep.* 387, abandoned his employment nor was he about his own affairs. Petitioner here was on the tree picking apples because he was asked to do so. That request was, under the circumstances exhibited, the equivalent of an order which he was obliged to obey to carry out his contract of hire. Nor was petitioner's status adversely affected by reason of the fact that the golf professional made personal use of the apples after they were picked. Clearly, that circumstance was of no concern to petitioner. It is beside the point.

We are entirely satisfied that the petitioner has carried the burden of proving that the accident arose out of and in the course of his employment.

Accordingly, the writ of *certiorari* is dismissed, and the judgment of the Morris County Court of Common Pleas is affirmed, with costs.