UNION COUNTY COURT OF COMMON PLEAS.

FOSTER V. BROWN, PETITIONER-APPELLEE, v. ALLIED PLUMBING AND HEATING CO., RESPONDENT-APPEL-LANT; AUGUST ARACE & SONS, INC., RESPONDENT-APPELLEE.

Decided July 1, 1942.

For the petitioner-appellee, *David Roskein* (by *Rodger Lancaster*).

For the respondent-appellant, Allied Plumbing & Heating Co., *Cox & Walburg* (by *Arthur Mead*).

For the respondent-appellee, August Arace & Sons, Inc., *Henry Grosman* (by *Isidor Kalisch*).

McGRATH, C. P. J. Petitioner, while working for August Arace & Sons, Inc., in March, 1941, hurt his back while threading pipe. The work required him to pull the handle of a pipe threading tool. At the time he was making $80 to $90 a week, sometimes $120, part of which was overtime. His actual rate does not appear. He says he notified his employer of the accident and I am satisfied that he did. The Deputy Commissioner gave him an award, but instead of giving judgment against August Arace & Sons, Inc., his employer at the time the accident happened, he gave judgment against a former employer, the Allied Plumbing and Heating Co., and at the rate of his former wages.

It appears that in August, 1939, petitioner had hurt himself while in the employ of the first employer, the Allied

Plumbing and Heating Co., and the Deputy Commissioner thought that the injury to his back while employed by Arace & Sons was a recurrence of the old injury which petitioner had received previously while working for the Allied Plumbing and Heating Co. This petition against August Arace & Sons, Inc., was dismissed. This was erroneous.

A reading of the testimony shows that as a matter of medical diagnosis the second injury was not a recurrence of the first. Dr. Edgar, who first saw the man in September, 1939, and again in March, 1941, says that the second major joint injury was definitely the right sacro-iliac, whereas the first time it was definitely the lumbar-sacral, and a consideration of all the medical testimony convinces me that Dr. Edgar's opinion is correct. The lumbar region is a small portion of the back bone about seven inches above the sacrum. The sacrum is a bone lying at the bottom of the spine formed by vertebrae.

Of course, the first injury made the man's back weaker than it was before, but it does not follow that this makes the first employer responsible for subsequent accidents. The first employer is liable only for direct consequences of an accident, and the inquiry should be whether the subsequent injury is reasonably attributable to a proximate cause set in motion by the accident or by some other agency. The chain of causation must not be broken by some new intervening agency. *McDonough* v. *Sears, Roebuck & Co.,* 127 *N. J. L.* 158; 21 *Atl. Rep.* (*2d*) 314. This is the English rule, cited in *McDonough* v. *Sears, Roebuck & Co., supra* (at *p.* 161), and it is the proper interpretation of our Compensation Act.

An "accident" under the act is something arising out of employment, the risk of which might have been contemplated by a reasonable person, when entering the employment, as incidental to it, and a risk is incidental to employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service. *Bryant* v. *Fissell,* 84 *N. J. L.* 72; 86 *Atl. Rep.* 458.

The risk of injuring petitioner's back while threading pipe for Arace & Sons was not something reasonably to be contemplated as incident to his employment with his former

employer, the Allied Plumbing Company, when entering employment with the Allied Company. Nor was it connected with anything petitioner was doing to fulfill his contract of service with the former employer. He was not threading the pipe for the Allied Company but for Arace & Sons, his employer at the time the occurrence happened.

It is true that he had a weak back when he came to work for Arace, his second employer, but increase of disability is one of the things which the act was intended to compensate, and this was the risk the Arace Company took when it hired him. In the present case the proper inquiry is: Does the occurrence meet the test of an accident as against the employer from whom compensation for the occurrence is sought? Did it arise out of and in the course of the employment? To hold the first employer liable in this case would be illogical and unjust since he has no control over the risks or the conditions of the employment with the second employer, and the occurrence is one with which he had no connection.

I find that the Bureau erred in giving judgment against the wrong respondent and at the wrong rate.

It is, therefore, on this 1st day of July, 1942, ordered, that the cause be referred to the Bureau for proper disposition under the statute.

A motion was made to dismiss the appeal as to August Arace & Sons, Inc. This is denied and exception noted. The order of the Bureau dismissing the petition as against August Arace & Sons, Inc., was erroneous, and is reversed.