JOHN WILKERSON, PETITIONER-RESPONDENT, v. STEIN-
BERG & SPIELFOGEL, INC., RESPONDENT-PROSECU-
TOR.

Submitted October 6, 1942—Decided January 19, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PORTER.

For the petitioner-respondent, *Anschelewitz & Barr* (*Joseph
F. Mattice,* of counsel).

For the respondent-prosecutor, *Foley & Francis* (*Gerald
T. Foley,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is a compensation case.
The petitioner was awarded compensation in the Bureau and,
on appeal to the Pleas, the Bureau was affirmed. We allowed
*certiorari.* The question raised is whether the petitioner
suffered a compensable injury, arising out of and in the course
of his employment, when it happens, as here, that at the
time of the injury he was performing no service for his
employer. The facts are as follows: The petitioner was
engaged as a "helper" on the delivery truck of Steinberg &
Spielfogel, Inc., wholesale grocers. It was not a full time
job; he was employed periodically when needed. On the
day of his mishap petitioner was hired for work by one of
the company's drivers, Venable, on the authority of a fore--

man, Riley. Late that day he was injured in the performance of work, unrelated to his duty to the employer, undertaken at the direction of Riley. The work undertaken was moving furniture, the property of one Drake (with whom Riley boarded), from Asbury Park to Deal, New Jersey.

To get down to particulars—the petitioner testified that he had worked for the company on and off, for five or six years, for one, two or three days a week; that on the morning in question he worked at the employer's warehouse for an hour and a half and then went to Asbury Park and worked moving furniture until noon; that after lunch he again worked loading a truck at the employer's plant after which he and Venable resumed the job of moving the Drake furniture and in so doing he fell and was injured. Taken back to the plant, he advised Riley that the moving job was not completed because of his injury and that he was going to visit his doctor. He was paid $2 by Riley for his day's wage and Venable gave him some money, probably $3, which he described as a "tip" for the work moving furniture. Riley's testimony was that he authorized the hiring of the petitioner and he paid him $2 for the day; that the company was not in the trucking business generally, although occasionally moving work for themselves and "members of the family" was done but not for "out-siders." Another witness, Schnar, an employee of respondent, revealed that the company moved furniture but only for members of the firm.

The driver, Venable, testifying for the respondent, said he was requested by Riley to move Drake's furniture; that Riley owned a truck which he kept in the employer's garage but that it wasn't in working order on the day in question, whereupon Riley directed the witness to use one of the company trucks, which he did. The witness said that no work was done for the respondent on that day and that he hired the petitioner for the job of moving the furniture, at Riley's request; that Drake gave him $6, half of which he gave to Wilkerson. Mr. Steinberg, manager of the respondent, produced the payroll book and said it did not show that Wilkerson was employed on the day of the accident and that Riley had no authority to have furniture moved; that the driver,

Venable, reported for work on December 21st, 1940, and that helpers were paid out of petty cash by Riley. On the cross-examination it was brought out that the payroll book to which the witness referred showed an alteration on December 21st, 1940. The book was put in evidence but it is not printed in the state of case. Riley, called this time by respondent, said that Wilkerson was on the premises on the day of the accident, brought there by Venable, and that Venable worked that day. He denied instructing the driver to move the furniture; denied any knowledge of how Venable came to move it and asserted that his own truck was in good condition. Called on rebuttal, petitioner said that at the time of his hiring nothing was said to him by the driver about moving furniture.

The referee in the Bureau believed the petitioner's testimony and held that where there is a deviation in employment it must be shown that the change was made known to the employee and that he consented thereto; and that petitioner never was told about or consented to the change.

Our examination of the facts persuades us that the petitioner reported for work at respondent's plant on December 21st, 1940; that he rendered service to the employer for a time in the morning and again in the afternoon; that in accord with the instructions received from Riley or Venable, or both, he deviated from the employer's services and moved the furniture of Mr. Drake.

The learned judge in the Pleas had the same reaction to the facts of this case and held that the principal was bound by the authority which the agent was held out to possess, relying on *Essbee Amusement Corp.* v. *Greenhaus,* 114 *N. J. L.* 492; 177 *Atl. Rep.* 562; that the petitioner acted under the order of his immediate superior and that in so doing was within the scope of his employment. *Ferragino* v. *McCue's Dairy,* 128 *N. J. L.* 525. In this we think the judgment of the Pleas was correct and that the cases upon which the court relied were authority for his finding.

Riley was the petitioner's superior as was Venable on the day in question. The petitioner was subject to their orders. He was hired by them ostensibly for service to the respond-

ent. The digression from respondent's service was authorized by these men and they were acting within the apparent scope of their authority. See *Bird* v. *Lake Hopatcong Country Club,* 119 *N. J. L.* 415; 197 *Atl. Rep.* 282; Compare *Miller* v. *National Chair Co.,* 19 *N. J. Mis. R.* 275; *affirmed,* 127 *N. J. L.* 414, 421; 22 *Atl. Rep.* (*2d*) 804; *Soden* v. *Public Service Transportation Co.,* 4 *N. J. Mis. R.* 817; *affirmed,* 103 *N. J. L.* 713.

It is argued that the act out of which the injuries to petitioner arose were *ultra vires* the corporate purpose; that neither Riley nor Venable had authority to engage in the moving project. Even so, the holding of this court in the case of *Guerisi* v. *Decker & Canning Co.,* 109 *N. J. L.* 8, is a complete answer to that argument. There was no testimony here that the petitioner knew of any limitation on the authority of the driver or foreman. It is not disputed that furniture moving had been done by the company's trucks on other occasions. The workman here was to do as he was told. There was no duty on him to inquire whether complying with the order of his superiors would react to the benefit of the employer. In the circumstances we conclude that the injury suffered by the petitioner arose out of and in the course of his employment. This results in an affirmance of the judgment under review, with costs.