118 N.J. Super. 481 (1972)
288 A.2d 586
MABEL WILLIAMS, PETITIONER-APPELLANT,
v.
REMCO INDUSTRIES, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1972.
Decided March 14, 1972.
*482 Before Judges LEWIS, HALPERN and LORA.
Mr. Samuel E. Bass argued the cause for appellant (Messrs. Freeman & Bass, attorneys).
Mr. Roland Vreeland argued the cause for respondent (Messrs. Connolly, Vreeland & Connolly, attorneys).
PER CURIAM.
Petitioner, an employee of respondent Remco at its Harrison, New Jersey, plant, was injured while on a Public Service bus returning from work to her home in Newark. Her petition for workmen's compensation was denied by the Division of Workmen's Compensation and the County Court, essentially because it was not within any of *483 the exceptions carved out of the "going and coming" rule which was still viable in New Jersey. We agree that the rule is still in force in New Jersey, but conclude that the rule is inapplicable to the particular facts in this case.
The record discloses the following facts which are not in substantial dispute:
(1) For many years, respondent operated a large industrial complex in Newark where it employed many persons who, for the most part, were unskilled help used on an assembly line operation, and who lived in the low-cost housing areas of Newark.
(2) About 1963 it relocated its plant and operations to Harrison, New Jersey.
(3) In order to retain the employees needed for its operation, and to get that type of help from Newark, arrangements were made with Public Service to pick up Remco's employees at several designated assembly areas in Newark and bring them, nonstop, to its plant in Harrison. At the end of the workday, Public Service picked up the employees at the plant and returned them, nonstop, to the same assembly areas in Newark. Presumably no one but Remco employees were transported in these special buses during such trips.
(4) The employees were required to pay 25 cents per ride. For a short period during 1965 and 1969 when Remco encountered difficulties in obtaining a sufficient number of employees, it arranged with Public Service to establish auxiliary bus routes and guaranteed Public Service the sum of $40 per bus, per round trip.
(5) Approximately 1,200 Remco employees utilized these busses on a daily basis, and they constituted about 45% of Remco's entire working force.
(6) Seven or eight Public Service buses were used daily, and each bus had a printed sign on the front windshield with the word "Remco." Public Service and Remco were in touch with each other as to the time and number of buses needed because of work schedules, holidays and layoffs.
*484 (7) Public Service had obtained approval from the New Jersey Department of Public Utilities to operate its buses directly to Remco's plant.
(8) Petitioner commenced work for Remco about two years prior to the accident in question. When hired she was told about the transportation arrangements with Public Service and instructed that her assembly point was at Lafayette and Broad Streets, in Newark. She used this mode of transportation during the entire time of her employment.
It is not open to dispute that if Remco paid petitioner's bus fare, or furnished its own bus, petitioner's injuries would have been compensable. Rubeo v. Arthur McMullen Co., 117 N.J.L. 574, 579 (E. & A. 1937); Filson v. Bell Telephone Laboratories, Inc., 82 N.J. Super. 185 (App. Div. 1964). Having in mind the liberal interpretation to be accorded the Workmen's Compensation Act, we see no reason, in logic or law, for a different result because petitioner paid for the ride. In view of Remco's need for employees of petitioner's type, and its need to transport them between Newark and Harrison, we find that petitioner was serving an incidental and beneficial interest of Remco at the time of her injury, so that it can be said such injury arose out of and in the course of her employment. The transportation arrangement, under the existing circumstances, inured to their joint benefit making petitioner's injuries compensable. Bergman v. Parnes Brothers, Inc., 58 N.J. 559, 566 (1971); Hammond v. Great Atlantic and Pacific Tea Co., 56 N.J. 7 (1970); O'Brien v. First Camden National Bank & Trust Co., 37 N.J. 158, 163 (1962); see 1 Larson, Workmen's Compensation Law § 16.30.
The judgment is reversed and the matter is remanded to the Workmen's Compensation Division for a determination of the amount of compensation to which petitioner is entitled.