JOHN MAYER, NORMAL MacQUAIDE AND THOMAS J. SMITH, PETITIONERS-APPELLANTS, v. JOHN E. RUN-NELLS HOSPITAL, RESPONDENT-APPELLEE.

Superior Court of New Jersey
Appellate Division

Argued October 2, 1973—Decided October 12, 1973.

Before Judges CARTON, SEIDMAN and GOLDMANN.

*Mrs. Mary D. Gillon* argued the cause for appellants (*Messrs. Gorrin & Ironson,* attorneys for appellant Mayer; *Messrs. Pollis, Williams, Pappas & Dillon,* attorneys for appellant MacQuaide; *Messrs. Shevick, Ravich & Koster,* attorneys for appellant Smith; *Mr. Joseph G. Barbieri,* of counsel and on the brief).

*Mr. Gerald W. Conway* argued the cause for respondent (*Messrs. Brause, Callaghan & Coyle,* attorneys).

PER CURIAM. Petitioners' three claim petitions were dismissed by the compensation judge, who held that the accident did not fall within any of the exceptions to the so-called "going and coming" rule. On this appeal they argue that the accident arose out of and in the course of their employment because they were serving respondent's interests at the time. They also urge that existing law be re-examined and the "going and coming" rule eliminated as a bar to the recovery of compensation where no direct public transportation to the employer's premises is available.

On the day in question petitioner Smith was transporting petitioners Mayer and MacQuaide, together with two other employees of respondent, in his car on their way to work at the hospital. Four of the employees, including Smith, lived in Elizabeth; the fifth lived in nearby Cranford. Petitioners were injured when the Smith car left the road and struck a tree.

There was public transportation available from Elizabeth as far as Scotch Plains. At that point employees using the bus would be taken up the hill to the hospital by a hospital bus. However, petitioners chose not to use public transporta-

tion; it would have taken from 10 to 15 minutes more for them to reach the hospital had they done so. Petitioners received no allowance for traveling expenses, nor were they paid for traveling time. The hospital in no way dictated how they were to travel.

This case does not fall within any known exception to the "going and coming" rule. The rule still persists. See *Hornyak v. Great Atlantic and Pacific Tea Co.*, 63 *N. J.* 99, 105 (1973).

Affirmed.