JOHN MAYER, NORMAN MacQUAIDE AND THOMAS J. SMITH, PETITIONERS-APPELLANTS, v. JOHN E. RUNNELLS HOSPITAL, RESPONDENT-RESPONDENT.

Argued May 6, 1974—Decided June 26, 1974.

*Ms. Mary D. Gillen* argue the cause for appellants.

(*Messrs. Pollis, Williams, Pappas & Dillon,* attorneys for appellant MacQuaide; *Messrs. Gorrin & Ironson,* attorneys for appellant Mayer; and *Messrs. Shevick, Ravich, Kosler & Baumgarten,* attorneys for Appellant Smith.)

*Mr. Gerald W. Conway* argued the cause for respondent, *Messrs. Brause, Callaghan & Coyle,* attorneys).

PER CURIAM. The judgment is affirmed substantially for the reasons expressed by the Appellate Division, 129 *N. J. Super.* 77.

PASHMAN, J. (dissenting). I respectfully dissent from the majority's holding and would vote to abandon the going and coming rule. The workmen's compensation statute requires that for an injury to be compensable, it must arise out of and in the course of employment. *N. J. S. A.* 34: 15–7 (*L.* 1911, *c.* 95, § 7). The Legislature provided little guidance as to what was encompassed within this phrase. Our courts soon held that an accident was compensable when it was "reasonably incidental to the employment" and

* * * if it occurs while the employee is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time. [*Bryant, Adm'x. v. Fissell,* 84 *N. J. L.* 72, 76, 77 (Sup. Ct. 1913)].

It came to be recognized, however, that at some point the employee was "on his own." *Gullo v. American Lead Pencil Co.,* 119 *N. J. L.* 484, 486 (E. & A. 1938). This recognition gave rise to the going and coming rule which, generally, was intended to limit recovery to accidents occurring on the employer's premises. This supposedly objective line between compensable and noncompensable accidents soon succumbed to equitable considerations guiding the court in interpreting such remedial legislation. The rule has come to be honored more frequently in its breach than in adherence to its mandate. See generally, Note, "Arising 'Out Of' and 'In the Course Of' The Employment Under the New Jersey Workmen's Compensation Act," 20 *Rutgers L. Rev.* 599, 613–621 (1966).

The exceptions which have developed since the rule was first formulated by our courts are too numerous to mention here. A most thorough and comprehensive discussion can be found in 1 *Larson, Workmen's Compensation,* § 15.13 *et seq.* See also Horovitz, 14 *NACCA L. J.* 36, 37–46 (1954) ; Horovitz, "Workmen's Compensation: Half Century of Judicial Developments," 41 *Neb. L. Rev.* 1, 49–59 (1961) ; Note, "The Going and Coming Rule," 41 *N. D. L. Rev.* 185, 186–192 (1964–1965) ; 99 *C. J. S. Workmen's Compensation* § 232 *et seq.*

Workmen's compensation represents an attempt by the Legislature to place the burden of work-related injuries on the employer, who ultimately passes it on to the consumer. This is consistent with the philosophy that injuries are a cost of production and consumption. Our workmen's compensation scheme is "humane social legislation" aimed at placing the burden of compensation on those who benefit most from the manufacture of the product. *Hornyak v. Great Atlantic & Pacific Tea Co.,* 63 *N. J.* 99, 101 (1973). The liberal intent of the Legislature has been held to include injuries which occur even after employment has been terminated. *E. g., Thornton v. Chamberlain Manufacturing Corp.,* 62 *N. J.* 235 (1973). Our courts never interpreted

the statute literally to apply solely to accidents on the employer's premises. See *Hornyak, supra* at 102–103 of 63 *N. J.* and cases cited therein.

Since the workmen's compensation law was enacted in 1911, our concepts as to the nature of employment and employer-employee relationships have undergone substantial changes, both legally and sociologically. I am of the opinion that traveling and its hazards have long been an essential part of the job. *Ricciardi v. Aniero Concrete Co.,* 64 *N. J.* 60, 63 (1973) (Jacobs, J., dissenting). The going and coming rule should be abandoned. Judicial constructions created in a distant social and legal context are not immutable rules incapable of being discarded.[1] See *White v. Atlantic City Press,* 64 *N. J.* 128 (1973), overruling *Beh v. Breeze Corp.,* 2 *N. J.* 279 (1949).

The arguments for abandoning the rule have been forcefully set out in *Ricciardi v. Aniero Concrete Co., supra,* 64 *N. J.* at 63–66; *Hornyak, supra,* 63 *N. J.* at 101–105; *Hammond v. Great Atlantic & Pacific Tea Co.,* 56 *N. J.* 7, 11–13 (1970); *Moosebrugger v. Prospect Presbyterian Church,* 12 *N. J.* 212, 216–221 (1953) (Jacobs, Heher and Wachenfeld, JJ., dissenting).

Adherence to the going and coming rule coupled with the tendency to expand the traditional exceptions thereto, have led to inequitable and often illogical distinctions undermining initial justifications for retaining the rule. See Note, *supra,* 20 *Rutgers L. Rev.* at 618–619; Note, *supra,* 41 *N. D. L. Rev.* at 193. The holding of the majority herein is perhaps best compared with *Ricciardi v. Damar Products Co.,* 45 *N. J.* 54 (1965), where the Court held compensable an accident occurring while an employee was returning from a picnic. The outing was sponsored by the employer, but was

---

[1]"The going and coming rule has proven unfair to workers, to be judicial fiat and not legislative command, and should be given judicial burial." [Horovitz, *supra,* 14 *NACCA L. J.* at 46].

held on a nonworking day without mandatory attendance. Chief Justice Weintraub's reasoning was as follows:

> Where, as here, the employer sponsors a recreational event for the purpose of maintaining or improving relations with and among employees, the employees gratify the employer's wish by attending and thus serve the employer's business aim. It therefore is correct to say the Legislature intended the enterprise to bear the risk of injuries incidental to that company event. Hence the picnic itself was a covered affair. * * *2

Thus, the law in this jurisdiction is that compensation will be awarded for injuries sustained while returning from a non-mandatory company-sponsored picnic on a nonworking day, while compensation is denied for injuries sustained by one traveling to his normal place of employment on a workday. It would seem that travel to and from work is more "reasonably incidental to employment" than travel to and from a picnic. The "business aim" of the picnic is certainly less than that of daily work. [45 *N. J.* at 61]. See Note, *supra,* 20 *Rutgers L. Rev.* at 616–617. Compare *Ricciardi v. Damar Products Co. with O'Brien v. First Camden Nat. Bank & Trust Co.,* 37 *N. J.* 158 (1962) (especially note concurrence of Chief Justice Weintraub). The current proliferation of exceptions to the going and coming rule have subsumed what was intended to be a "conscientious endeavor to maintain a liberally just line" between those injuries with some work connection and those unrelated to employment. *Tocci v. Tessler & Weiss, Inc.,* 28 *N. J.* 582, 587 (1959).

Workmen's compensation is a liberal social policy program the purpose of which was never related to fault, but rather to an equitable and efficient means of compensating employees for injuries sustained while furthering the aims of their employers. Recognition must at long last be given

---

2 45 *N. J.* at 60. Curiously, the opinion does note that the going and coming rule is "not free from dispute since travel to and from the place of work *quite obviously is essential to the work itself.*" [45 *N. J.* at 61; emphasis supplied].

to the hazards of the highways on which employees encounter risks often greater than those of work itself. Note, *supra*, 20 *Rutgers L. Rev.* at 620. The journey to work is inherently part of the employee's responsibility to his employer. That countless employers have in some way directly participated in the employee's journey or whose sanction of the journey is found to fall within an exception to the going and coming rule is evidence of this relationship. *E. g., Bergman v. Parnes Bros., Inc.,* 58 *N. J.* 559 (1971); *Pearce v. N. J. Highway Authority,* 122 *N. J. Super.* 342 (App. Div. 1973); *Williams v. Remco Industries,* 118 *N. J. Super.* 481 (App. Div.), certif. den. 61 *N. J.* 163 (1972). Workmen's compensation was not meant to be sporadic in effect and illogical in distinguishing among those who are eligible for benefits.

John E. Runnells Hospital is located in a fairly isolated area in Berkeley Heights. There is no link to the hospital by any means of public transportation. Recognizing the difficulty that its employees had in commuting to work, respondent maintained a free shuttle service from the nearest bus stop to the hospital, a distance of about two miles. A temporary termination of this service resulted in such an increased rate of absenteeism that the service was reinstated.

Petitioners preferred the use of a car pool because it saved them time and was more convenient. The car pool avoided the possibility of missing a bus connection, arriving late for work and being docked pay for the time missed. While petitioners were not due at work until 8 o'clock, their journey began at 7 o'clock. It is difficult to conceive that the purpose of this journey was for anything other than to fulfill an obligation to the employer. Petitioners were picked up and proceeded directly to their place of employment with the sole objective of arriving at that place punctually in order to perform their duties. To deny that this journey and others similar to it arise out of and in the course of employment is to draw an arbitrary and capricious line, inequitable in effect and unjustifiable in terms of the services rendered

by an employee to his employer. Quite obviously, the journey to and from work is essential to the work itself.

I would reverse the Appellate Division and allow compensation in that plaintiffs' injuries arose out of and in the course of their employment.

I am authorized to state that Justices JACOBS and MOUNTAIN join in this dissent.

*For affirmance*—Chief Justice HUGHES and Justices HALL, SULLIVAN and CLIFFORD—4.

*For reversal* — Justices JACOBS, MOUNTAIN and PASHMAN—3.