HENRY POROWSKI, PETITIONER, v. AMERICAN CAN
COMPANY, RESPONDENT.

Decided March 30, 1937.

For the petitioner, *Alfred Brenner*.

For the respondent, *Carl S. Kuebler*.

\*       \*       \*       \*       \*       \*       \*

In the case *sub judice* facts as to employment and nature thereof are admitted.

Petitioner alleges that he was required to play baseball on a team which represented the respondent and was injured while in that capacity.

The evidence reflects the fact that while respondent company was represented by a ball team that practice was conducted after working hours and that games were played out of working hours. No uniforms were supplied by the company.

The respondent obtained no advantage due to the efforts of the team either as an advertising medium or monetarily.

Briefs were submitted by both sides after the hearing which I have carefully studied and considered.

In *Byrant* v. *Fissell,* 84 *N. J. L.* 72; 86 *Atl. Rep.* 458, it was held that an accident arises out of the employment when it is something the risk of which might have been contemplated by a reasonable person when entering the employment as incidental to it. A risk is incidental to an employ-

ment when it belongs or is connected with what the workman has to do in fulfilling his obligation, it may be an extraordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the employment owing to the special nature of the employment.

In *Panacona* v. *Vulcanite Portland Cement Co.*, 37 *N. J. L. J.* 75, it was held that a risk is not incidental to the employment when it is not due to the nature of the employment, or when it is a new or added peril to which a workman by his own conduct exposes himself, a peril which his contract of service neither directly or indirectly involves or obliges him to consider.

In *Ryan* v. *State Industrial Commission,* 261 *Pac. Rep.* 181, it appeared that petitioner's regular employment was that of meter reader. It also appeared, without dispute, that the principal reason petitioner was employed by the company was that he was a good ball player, and therefore a valuable member of a team representing the employes of the company in a local baseball league. It further appeared that the employer in no way participated in supporting the team which represented the company. In this case it was held that the accident did not arise out of and in the course of employment.

I am of the opinion in the case *sub judice* that petitioner has not sustained the burden of proving his injury due to an accident arising out of and in the course of employment. I am, therefore, granting the respondent's motion dismissing petition.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

JOHN C. WEGNER,
*Referee.*