■ In the Matter of New York Life Insurance Company, v. Thomas F. Galvin et al.— Motion for reargument granted, and, on reargument, the original opinion and order of this court on Appeals Nos. 6320-21, entered on February 22, 1973, are recalled and vacated, and resettled order and opinion [41 A D 2d 83] substituted therefor. Resettled order signed and filed. Concur — Stevens, P. J., Nunez, Kupferman, Steuer and Tilzer, JJ.

■ In the Matter of John C. Drake, an Attorney.— Respondent reinstated as an attorney and counselor at law of the State of New York. Concur — McGivern, J. P., Markewich, Kupferman, Murphy and Steuer, JJ.

## (April 17, 1973)

■ In the Matter of New York City Chapter, Inc. of the National Electrical Contractors Association, Appellant, v. Edgar C. Fabber, as Commissioner of the Department of Ports and Terminals of the City of New York, et al., Respondents-Respondents.— Judgment, Supreme Court, New York County, entered on February 8, 1973, unanimously affirmed, on the opinion of Frank, J., at Special Term, without costs and without disbursements. No opinion. Concur — Nunez, J. P., Kupferman, Murphy, Lane and Capozzoli, JJ. [73 Misc 2d 859.]

■ The People of the State of New York, Respondent, v. Edward Garcia, Appellant.— Judgment, Supreme Court, Bronx County, rendered on June 10, 1971, unanimously modified, on the law and the facts, by reversing and vacating said judgment insofar as it convicts defendant of the crime of burglary in the third degree, and said judgment insofar as it convicts defendant of petit larceny affirmed, the count of the indictment charging defendant with the crime of burglary in the third degree dismissed, and, inasmuch as the defendant has served approximately one year and 10 months on the sentence imposed for burglary in the third degree and his sentence for petit larceny was an unconditional discharge but only in view of the burglary sentence, he shall be forthwith discharged from imprisonment. (See *People* v. *Smith*, 39 A D 2d 855.) It is unfortunate in view of the determination in *People* v. *Smith* (*supra*) that the Legal Aid Society took so long to prosecute this appeal. Concur — Stevens, P. J., Markewich, Kupferman and Tilzer, JJ.; Lane, J., concurs in the following memorandum: I concur under constraint of *People* v. *Smith* (39 A D 2d 855).

■ In the Matter of Jimi Fox, Mother, on Behalf of Cathy and Another, Respondent, v. William Fox, Appellant.— Amended order, Family Court of the State of New York, County of New York, entered on or about October 5, 1972, affirmed, without costs and without disbursements. Concur — Stevens, P. J., Markewich and Capozzoli, JJ.; Nunez, J., dissents in part and would cancel all arrears. No opinion.