140 N.J. Super. 226 (1976)
356 A.2d 23
EVANS-ARISTOCRAT INDUSTRIES, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANT,
v.
PORT AUTHORITY OF NEW YORK AND NEW JERSEY, A CORPORATION, THIRD PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1976.
Decided March 17, 1976.
*227 Before Judges HALPERN, CRANE and MILMED.
Mr. David Landau argued the cause on behalf of appellant (Messrs. Hellring, Lindeman & Landau, attorneys; Mr. Nicholas W. Mc Clear on the brief).
*228 Mr. Hugh H. Welsh argued the cause on behalf of respondent (Mr. Francis A. Mulhern, attorney).
Mr. Morton Goldfein, Deputy Attorney General, argued the cause on behalf of the Attorney General, appellant (Mr. William F. Hyland, Attorney General, attorney).
The opinion of the court was delivered by CRANE, J.A.D.
Plaintiff brought an action in the Chancery Division seeking essentially to compel the City of Newark to alleviate the conditions of its sewer system which allegedly caused the flooding of plaintiff's industrial property. Plaintiff learned through discovery that lands of the city had been leased to the Port Authority of New York and New Jersey on which the expanded facilities of Newark Airport were constructed, which plaintiff contends changed the drainage patterns of an area known as the Waverly District. It was also learned during discovery that an exchange of correspondence took place between officials of the city and the Port Authority which plaintiff contends constituted an agreement by the Authority to construct a pumping station and to keep certain drainage ditches clear.
Because of the statutory grant to the Port Authority of immunity from suits by private individuals seeking injunctive relief, N.J.S.A. 32:1-161, plaintiff sought the intercession of the Attorney General of New Jersey. The court below denied the Attorney General's motion for leave to intervene on behalf of plaintiff because the Attorney General took no position as to the merits of the controversy, intended to file no pleadings and would take no further action with respect to the conduct of the litigation. The opinion of the Chancery Division is reported at 129 N.J. Super. 437 (Ch. Div. 1974). We granted leave to appeal.
In our view the trial judge took too restrictive a view of the authority of the Attorney General. Under the statute, N.J.S.A. 32:1-161, the Attorney General is authorized *229 (with exceptions not here relevant) "to bring such suits, actions or proceedings [against the Port Authority] in his discretion on behalf of any person or persons whatsoever who requests him so to do * * *." (Emphasis supplied.) The Attorney General has stated that although he would take no active position with respect to the ultimate merits of the lawsuit, he exercised his discretion in favor of intervention in the interest of making the Port Authority more responsive to the needs of the public and for the purpose of providing a vehicle whereby plaintiff would have its day in court.
We do not find it unusual that the Attorney General has taken such a position. The functions and authority of the Attorney General are derived from the common law of England, subject to enlargement or abridgement by legislative enactment. Alexander v. N.J. Power and Light Co., 21 N.J. 373, 380 (1956). See also, Kugler v. Romain, 58 N.J. 522, 538-539 (1971); Van Riper v. Jenkins, 140 N.J. Eq. 99, 102 (E. & A. 1946). At common law a private individual having some private or individual interest to subserve in connection with the rights of the sovereign could, as a matter of right, bring an action as a relator through the attorney general to set in motion the machinery of the court. State ex rel. Taylor v. Lord, 28 Or. 498, 43 P. 471, 474 (Sup. Ct. 1896); cf. Attorney General v. Delaware and Bound Brook R. Co., 27 N.J. Eq. 631 (E. & A. 1876). It has been held in other jurisdictions that the attorney general has the absolute discretion as to whether to bring a suit, People v. Ballard, 134 N.Y. 269, 32 N.E. 54 (Ct. App. 1892), and that he is the sole judge of his right to intervene in litigation. State v. Finch, 128 Kan. 665, 280 P. 910 (Sup. Ct. 1929). See also O'Regan v. Schermerhorn, 25 N.J. Misc. 150, A. 10 (Sup. Ct. 1946).
Among other things, the Attorney General is vested with the duty of interpreting the statutes. N.J.S.A. 52:17A-4(e); Keenan v. Essex Cty. Freeholders Bd., 105 N.J. Super. 271, 278 (Law Div. 1969). In this matter, the *230 Attorney General has construed the statute as giving him the authority to set in motion the judicial machinery to enable a private litigant to have his day in court on a matter concerning the responsibility of a public agency. We regard the interpretation of the Attorney General, who has the duty of acting under the statute, as strongly persuasive. United States ex. rel. Louisiana v. Jack, 244 U.S. 397, 406, 37 S.Ct. 605, 61 L.Ed. 1222 (1917); Union Ins. Co. v. Hoge, 62 U.S. 35, 21 How. 35, 16 L.Ed. 61 (1859).
The interpretation of the Attorney General has the effect of limiting the governmental immunity of the Port Authority. His interpretation is consistent with the trend of judicial authority. See Willis v. Dept. of Cons. & Econ. Develop., 55 N.J. 534, 537-538 (1970); Taylor v. New Jersey Highway Auth., 22 N.J. 454, 470 (1956); Interstate Wreck Co. v. Palisades Interstate Pk. Comm'n, 57 N.J. 342 (1971).
The trial judge placed emphasis on the fact that the Attorney General would take no further action with respect to the course of conduct of the litigation, and that the conduct of the litigation would be in the hands of a private attorney. We do not perceive this to be an abdication of his duty.
We conclude that the trial judge was in error in denying the motion of the Attorney General to intervene.
Reversed and remanded for further proceedings consistent with the views expressed in this opinion.
HALPERN, P.J.A.D. (dissenting).
I must respectfully dissent. I do not view this case as one wherein the Attorney General's action "has the effect of limiting the governmental immunity of the Port Authority," or that "His interpretation is consistent with the trend of judicial authority." The Port Authority has been subject to suits at law or equity since 1951 when N.J.S.A. 32:1-157 et seq. was adopted.
We are here confronted with the problem of whether, under N.J.S.A. 32:1-161 the Attorney General, in an injunction suit against the Port Authority by a private suitor, may delegate *231 his authority to act to such private litigant and take no further affirmative action therein or assume any responsibility in connection therewith. I am convinced that under the existing facts he may not do so.
N.J.S.A. 32:1-161 authorizes the Attorney General of New York or New Jersey "to bring such suits, [injunctions] actions or proceedings in his discretion on behalf of any person or persons whatsoever who requests him so to do * * *." (Emphasis supplied). It is obvious the Legislature realized the catastrophic effect an injunction might have on the various public projects under the control of the Port Authority, and established safeguards so that such suits were maintainable only if brought by the Attorney General in his sound discretion. The assertion that he need not "bring" the suit, take a position with respect to the merits or assume any responsibility as to how the action is processed flies in the face of the clear legislative intent.
When the Legislature directed the Attorney General to exercise his "discretion" in bringing injunctive suits against the Port Authority it anticipated he would exercise his discretion responsibly, and with an official conscience of the facts in the particular case in the light of the purposes for which the power was given. Obviously, the exercise of such power cannot be definitively catalogued. The statutory language is clear and unambiguous and no justification exists for indulging in uneasy statutory construction. The Attorney General must exercise the kind of official discretion herein alluded to, and he, not his designee, must "bring" the action and be accountable to the court therefor, as mandated by the Legislature. This construction finds support in the statement attached to the bill when introduced on March 5, 1951, which stated, among other things:
The bill provides that no injunction shall lie against the Port Authority, its commissioners, officers or employees except upon complaint of the Attorney-General of either State, each of whom is expressly authorized to bring any proceeding for an injunction, in his discretion, on behalf of any person. *232 Clearly, the statute's sponsor contemplated a "complaint" being filed by the Attorney General of New York or New Jersey. It was so interpreted in N.Y. City Chap., Inc. of the Nat'l Electrical Contractors Ass'n v. Farber, 73 Misc.2d 859, 343 N.Y.S.2d 33 (Sup. Ct. 1973), aff'd 41 A.D.2d 821, 343 N.Y.S.2d 558 (App. Div. 1973).
Except as herein supplemented, I would affirm essentially for the reasons expressed by Judge Kimmelman in his opinion reported in 129 N.J. Super. 437 (Ch. Div. 1974).