151 N.J. Super. 98 (1977)
376 A.2d 576
JACQUES CRIFASI AND EDWARD VANDERBECK, PLAINTIFFS,
v.
GOVERNING BODY OF THE BOROUGH OF OAKLAND AND JAMES MULCAHY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 20, 1977.
*99 Mr. Malcolm Blum argued the cause for plaintiffs (Messrs. Carlton & Blum, attorneys).
Mr. Alfred J. Villoresi argued the cause for defendants (Messrs. Villoresi and Buzak, attorneys).
DALTON, J.S.C.
This order to show cause is a municipal election matter which projects issues respecting our Open Public Meetings Act, N.J.S.A. 10:4-6 et seq. (hereinafter Sunshine Law) and our Municipal Governing Body Vacancy Law, N.J.S.A. 40:45B-1 et seq. (hereinafter Vacancy Law).
*100 The material facts reveal that in November 1974 plaintiff Jacques Crifasi, running as an "Independent," was elected to the council in the Borough of Oakland, his term to expire on December 31, 1977. On April 12, 1977, he resigned, leaving a vacancy on the council. Thereafter, at the May 4, 1977 work session of the mayor and council, defendant James Mulcahy, a member of the Oakland Republican Party, was nominated and sworn in to fill the vacancy.
As a result of the Mulcahy appointment plaintiffs initiated this action in which they seek both a declaration that Mulcahy's succession to office was accomplished in violation of the Sunshine Law and the Vacancy Law, and a restraint against Mulcahy's acting in any capacity as a member of the Oakland governing body. For the reasons which follow, this court concludes that Mulcahy's succession to the council was achieved contrary to the requirements of the Sunshine Law and accordingly is a nullity.
N.J.S.A. 10:4-9 provides in pertinent part that "no public body shall hold a meeting unless adequate notice thereof has been provided to the public." (Emphasis added). "Adequate notice" is defined in N.J.S.A. 10:4-8(d) to mean "written advance notice of at least 48 hours, giving the time, date, location and, to the extent known, the agenda of any regular, special or rescheduled meeting * * *" (Emphasis added). While plaintiffs acknowledge that notice of the Oakland borough council work session of May 4, 1977 was given pursuant to N.J.S.A. 10:4-18, they urge that the notice was inadequate as a matter of law because action not scheduled on the council's published agenda was taken by the governing body, thus depriving them and the general public of sufficient prior notice that such action would be considered or taken by the council.
Relying upon two recent formal opinions of the Attorney General,[1] defendants argue that the borough council was *101 under no obligation to provide such an agenda because it published an annual schedule of meetings in conformity with N.J.S.A. 10:4-18, which schedule afforded adequate notice to the public of the time and location of the May 4, 1977 work session.
This court finds defendants' argument unpersuasive and their reliance on the opinions of the Attorney General misplaced insofar as pertinent here. While the Attorney General's formal opinions are often a source of great assistance and enlightenment to a court of law in construing acts of the Legislature, they are not binding. Cf. Evans-Aristocrat Industries, Inc. v. Newark, 140 N.J. Super. 226, 230 (App. Div. 1976). Moreover, while the opinion of the Attorney General that a public body which has posted a schedule of regular meetings need not publish an additional agenda of such meeting may well be correct, the issue before this court is significantly different. The issue posed here is whether a public body which has given notice to the public of the time, location and agenda of a public meeting may, at such meeting, act in an official and binding capacity on matters not included on the agenda.[2]
In light of N.J.S.A. 10:4-7 in which our Legislature sets forth in considerable detail what it considered and intended in passing the Sunshine Law, it must be concluded that such action by a public body violates the statute. One of the findings of the Legislature was that the public has the right to be aware of and present at all meetings of public bodies and to witness in full detail all phases of their deliberations, policy formulations and decision making. There can be no question that this right is fundamental to the democratic *102 process. Jones v. East Windsor Regional Bd. of Ed., 143 N.J. Super. 182 (Law Div. 1976). Defendants' further argument that the "miscellaneous" designation on the agenda adequately gave notice of the Mulcahy appointment is clearly without merit.
Thus, where a public body chooses to, and does publish an agenda of a public meeting, it may not take official action at the meeting respecting matters not scheduled on the agenda. To permit otherwise might well lead to a result contrary to the express purposes of the Legislature.
This conclusion is not intended, as defendants suggest, to inhibit a public body from acting; rather, it is meant to ensure that meetings held by the public bodies of this State will be as open as is practicable.
Turning, then, to the applicability of the Vacancy Law and the procedure that must be followed in filling the seat vacated by plaintiff Crifasi on April 12, 1977, N.J.S.A. 40:45B-2 is pertinent here and provides:
Whenever a vacancy occurs in the membership of the governing body of any municipality for any reason other than the expiration of term of office, the vacancy shall be filled in the following manner:
a. If the vacancy occurs subsequent to September 1 preceding the general election which will occur in the next-to-the-last year of the term of the member whose office has become vacant, the office shall be filled for its unexpired term by appointment by a majority vote of the whole membership of the governing body.[3]
With respect to the issue of party affiliation, N.J.S.A. 40:45B-3 requires that the person appointed to fill a council vacancy shall be of the same "political party" as the resigning incumbent if the incumbent "had been elected to office *103 as the nominee of a political party." Addressing the question of whether the group of Oakland "Independents" does in fact and in law constitute a "political party" within the meaning and intention of the Vacancy Law, this court is of the view that the plenary hearing has sufficiently shed light on the origins, nature and structure of this organization so as to afford an adequate basis on which to decide this issue. Essentially, what this court must determine is just what is a "political party" as that term is used in N.J.S.A. 40: 55B-3 and whether it may accurately and fairly be said that the Oakland "Independents" may be so classified.
Plaintiffs urge that the notion of "political party," particularly in the context of a municipal election matter, is one not capable of precise or exacting definition, relying upon the words of a trial court of this State that a political party is but
* * * an association of persons sponsoring ideas of government, or maintaining certain political principles or beliefs in the public policies of the government, and its purpose is to urge the adoption and execution of such principles in governmental affairs through officers of like beliefs. [Rogers v. State Comm. of Republican Party, 96 N.J. Super. 265, 271 (Law Div. 1967)]
Defendants dispute such a construction of the term, relying in large part on N.J.S.A. 19:1-1, which defines political party in much more limiting terms as
* * * a party which, at the election held for all of the members of the General Assembly next preceding the holding of any primary election held pursuant to this Title, polled for members of the General Assembly at least ten per centum (10%) of the total vote cast in this State.
Additionally, defendants urge that the practicalities of determining, for purposes of filling this councilmanic vacancy, just who in the Borough of Oakland is a member of the "Independents" militate strongly against a finding that the "Independents" constitute a "political party."
*104 For the following reasons, this court feels constrained to conclude that the group of Oakland "Independents" does not constitute a "political party" within the meaning of N.J.S.A. 40:45B-1 et seq.
Initially, it should be noted that the concept of "political party" is one capable of varying meanings, depending upon the context in which the term is considered. Richardson v. Caputo, 46 N.J. 3, 9-13 (1965); Rogers v. State Comm. of Republican Party, supra; 25 Am. Jur.2d 800. Respecting our Vacancy Law, it may also be noted that this legislation was enacted for the purpose of affording a process by which the electorate of this State might have continuity of representation on the local level in the event of a vacancy on the governing body. In order to ensure that the choice of the voters may be heeded for the duration of the full term of an office to which a particular candidate has been elected, N.J.S.A. 40:45B-3 requires that a vacancy be filled with a person of the same political affiliation as the person who has created the vacancy. See In re Appointment to Rutherford Bor., 140 N.J. Super. 328 (Law Div. 1976). Accordingly, affording this election statute a liberal construction, as this court must, Wene v. Meyner, 13 N.J. 185 (1963); Stone v. Wyckoff, 102 N.J. Super. 26, 33 (App. Div. 1968), and so as not to impair the rights of the electors of Oakland, Gansz v. Johnson, 9 N.J. Super. 565, 568 (Law Div. 1950), this court concludes that plaintiffs' view of what constitutes a political party as expressed in Rogers v. State Comm. of Republican Party, supra, is proper under the circumstances of a municipal election. N.J.S.A. 19:1-1 is not controlling. The definition there given is with respect to statewide elections for the General Assembly rather than for local governing body elections.
However, notwithstanding this finding, this court must further conclude that even under this less restrictive construction of the term, plaintiffs have failed to establish that the Oakland "Independents" are such a "political party." Rather, this court if of the view that the Oakland "Independents" *105 are not a political party and finds that this political group is but an organization composed for the most part of members of both the Republican and Democratic parties who, for a variety of reasons, have been dissatisfied with the government and representation afforded by these parties on the local level. Plaintiff Crifasi himself is carried on the county voter registration lists as a Republican, while Mulcahy is listed as an independent. The situation in Oakland is, in reality, of no real difference from that where any candidate or group of candidates chooses to seek office independent of and with no affiliation to an organized political party.
The Oakland "Independents" is a political group unique to the Borough of Oakland and is the outgrowth of a local nonpolitical group called the Oakland Taxpayers Association. Its structure is, at best, a loose affiliation of residents of Oakland who organized to oppose the long-standing Republican Party which had dominated Oakland politics for years. Fundraising by Independents was done, candidates nights were held in which "Independent" candidates participated, and in 1973, 1974 and 1975 campaigns were run in which "Independents" successfully opposed the more organized and traditional Republican Party. Fundamental to the development of the "Independents" as a political group was its platform of "efficiency and economy" in government and its opposition to Republican representation. While these factors are all political in nature and are all indicative of a philosophy by which a group of citizens in the Borough of Oakland sought an alternative to local Republican representation, this court cannot conclude that the organization possesses that degree of cohesiveness, unity and structure which would warrant the classification of the "Independents" as a "political party" within the meaning of N.J.S.A. 40:45B-3.
For the aforesaid reasons, this court finds that the action of the mayor and counsel in appointing James Mulcahy to the borough council to fill the unexpired term of Jacques Crifasi is void and of no force and effect; that the "Independent Party" of Oakland is not a "political party" within *106 the meaning of the Vacancy Law; that any subsequent appointment to fill the Crifasi vacancy by the mayor and council pursuant to N.J.S.A. 40:45B-2 must be completed within 30 days in full compliance with the provisions of the Sunshine Law, N.J.S.A. 10:4-6 et seq., and that the vacancy may be filled by appointment within the extended 30-day period of any qualified elector without regard to designated political party affiliation.
NOTES
[1] F.O. Atty. Gen., Nos. 19 and 29, 1976.
[2] The agenda of the Oakland council's May 4, 1977 meeting provided that consideration would be given to bids for lawn maintenance and snow removal; the Long Hill Mall; bids for radio equipment; authorization of the borough clerk to advertise for uniform rental; resolutions concerning Green Acres property and the Chief financial officer; the appointment of a temporary clerk-typist, and certain unspecified items labeled "Misc. Various."
[3] N.J.S.A. 40:45B-2(c) provides that the vacancy shall be filled by appointment within 30 days of its occurrence. Failure to so fill the vacancy requires that a special election be held. By stipulation, the parties have agreed to extend for 30 days the time in which to name a successor, thus obviating the need for a special election.