153 N.J. Super. 114 (1977)
379 A.2d 265
ALLAN-DEANE CORPORATION, A DELAWARE CORPORATION, QUALIFIED TO DO BUSINESS IN THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
THE TOWNSHIP OF BEDMINSTER ET AL., DEFENDANTS, AND TOWNSHIP OF BERNARDS AND SOMERSET COUNTY PLANNING BOARD, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 19, 1977.
Decided October 5, 1977.
*115 Before Judges CONFORD, MICHELS and PRESSLER.
*116 Messrs. Mason, Griffin & Pierson, attorneys for appellant (Mr. John A. McKinney, Jr. on the brief).
Mr. Richard J. McManus, attorney for the respondent Township of Bernards, filed a statement in lieu of brief.
No brief was submitted on behalf of the Somerset County Planning Board.
The opinion of the court was delivered by PRESSLER, J.A.D.
This action arises under the Open Public Meetings Act, N.J.S.A. 10:4-6 et seq.
Plaintiff Allan-Deane Corporation, by verified complaint and order to show cause, sought to enjoin the holding of a private meeting called by the Somerset County Planning Board for March 18, 1976, in which some but not all of its members were intended to participate and to which one member of each of various agencies of three municipalities of Somerset County was invited. Concluding that the proposed meeting did not constitute a meeting of a public body within the intendment of the act and, therefore, that it was not subject to its open-meeting requirements, the trial judge discharged the order to show cause and dismissed the complaint. Plaintiff appeals. We reverse.
Plaintiff is a real estate developer owning substantial acreage in both Bernards Township and Bedminster Township in Somerset County upon which it proposes to build housing although it continues unsuccessful in its attempts to obtain the municipal approvals necessary for the implementation of its plans. These two municipalities, together with the Borough of Far Hills, comprise the so-called Somerset Hills municipalities of the county. It is not disputed that the County Planning Director, William E. Roach, Jr., at the behest of the County Planning Board's chairman, the chairman of the Planning Board's Master Plan Committee and the Board of Freholders scheduled a meeting to be held on March 4, 1976 by the County Planning Board with the *117 governing body, planning board and environmental commissions of each of the three Somerset Hills municipalities. The stated purpose of the meeting was "to discuss the Allan-Dean Proposal and its impact on the Somerset Hills Area," the written meeting notice further identifying the three municipalities as the communities "where the long-established zoning-and-planning goals are threatened by massive development proposals." The stated purpose of the meeting was the intention that "some consensus can be developed for subsequent consideration by our official boards." It was, however, "anticipated that no official action will be or could be taken at this meeting." Plaintiff, fortuitously learning of the proposed meeting, claimed a right to attend it under the act, and when its demand was rejected, it applied to the trial court for injunctive relief. The board thereupon cancelled the meeting and scheduled another meeting for a date two weeks thence. It is that second meeting which is the subject of this appeal. The notice of the second meeting differed from the original meeting notice in several respects. First, it specifically instructed each of the nine municipal agencies to designate one of its members, and only one, to attend. Second, the meeting was described as an "informal discussion session." Finally, plaintiff was not referred to by name, the meeting being termed "a conference of various municipal officials do discuss development proposals as they relate to the County Master Plan of Land Use."
The trial judge's conclusion that the second meeting was not a meeting within the scope of the act was based on his finding that the group which was planning to meet was not, by reason of its constitution, a public body as defined by N.J.S.A. 10:4-8(a). Hence, a meeting of that group could not constitute a meeting as to which public notice must be given and public access permitted. We agree with that finding. N.J.S.A. 10:4-8(a) defines a public body as one "collectively empowered as a voting body to perform a public governmental function * * *." While county and local planning boards and municipal governing bodies *118 and environmental commissions are each independently a public body within the statutory definition, just as clearly an ad hoc group such as here constituted, consisting of one member of each of ten such bodies and, therefore, no part of its constituency having status as a voting body, is not. See also the exemption language contained in N.J.S.A. 10:4-7. And see Woodbury Times v. Gloucester Cty. Sew. Auth., 151 N.J. Super. 160 (Law Div. 1977).
The finding, however, that the second meeting was not a meeting of a public body does not, in our view, fully dispose of plaintiff's challenge, the determination of which requires construction of various of the provisions of the act in light of its remedial policy as expressed by N.J.S.A. 10:4-7. And see, Crifasi v. Oakland Governing Body, 151 N.J. Super. 98, 101-102 (Law Div. 1977); Accardi v. North Wildwood Mayor & Council, 145 N.J. Super. 532, 540-541 (Law Div. 1976).
First, N.J.S.A. 10:4-11 provides, in full, that "No person or public body shall fail to invite a portion of its members to a meeting for the purpose of circumventing the provisions of this act." We agree with plaintiff's contention that the evident intent as well as the explicit mandate of that provision compels the conclusion that the March 18, 1976 meeting must be deemed in contravention of the act if the meeting scheduled for March 4, 1976 was a public meeting as therein defined and if the restriction on attendance at the March 18, 1976 meeting was imposed for the sole or primary purpose of circumvention of the act. We are satisfied, moreover, that the first of these syllogistic propositions is correct as a matter of law and that the second is correct as a matter of undisputed fact.
As to the question of whether the proposed March 4 meeting was a meeting subject to the open-meeting prescriptions of the Act, we note first that a subject meeting is defined by N.J.S.A. 10:4-8(b) as one "attended by, or open to, all of the members of a public body, held with the intent, on the part of the members of the body present, *119 to discuss or act as a unit upon the specific public business of that body." We have no doubt that the first scheduled meeting came within that definition. Its purpose, as we have said, was to discuss, even if not to vote upon, designated public business, at least some of the same aspects of which were directly within the deliberative and legislative functions of each of the ten separate public bodies invited. That public business, moreover, in its entirety related at least indirectly to the performance of the function and conduct of the business of each of the ten public bodies. See N.J.S.A. 10:4-8(c), so defining "public business." All of the members of each of the public bodies were invited to the meeting. There being no statutory requirement that the meeting be one at which a vote on public business is taken, we fail to perceive any reason why a joint discussion meeting of several public bodies with respect to matters of mutual public concern should not be as fully subject to the act as is a discussion meeting of a single public body with respect to matters of public concern. To the contrary, we are persuaded that in view of the public policy sought to be effectuated by the act and the absence of an express exception for such a joint meeting as here involved[1] the fact that all of the critical and statutorily prescribed criteria of a public meeting were here satisfied dictates our conclusion that the act does extend to joint meetings. We disagree, therefore, with the dictum to the contrary expressed in Woodbury *120 Times v. Gloucester Cty. Sew. Auth., supra, 151 N.J. Super. at 166-167, suggesting that the act applies only to meetings of single governmental units.
The conclusion that the second meeting, open to only one member of each of the nine municipal public bodies and apparently not open to a quorum of the County Planning Board, was so constituted for the purpose of circumventing the act is ineluctably compelled by the testimony, which we need not detail, given by the chairman of the Master Plan Committee on the return date of the order to show cause.
Having concluded that the meeting of March 18 was in fact in deliberate circumvention of the statute, we are satisfied that it was a nonconforming meeting within the corrective scope of the act. See N.J.S.A. 10:4-15 and 10:4-16. If any action was in fact taken during the meeting, such action must be deemed a nullity. There is other relief, however, to which plaintiff is entitled. In discharging the order to show cause and dismissing the complaint, the trial judge directed that a record of the meeting be made by a stenographic reporter at plaintiff's expense, but that no transcript be prepared until further order of the court. Since it is our conclusion that the meeting was required to have been open to the public pursuant to N.J.S.A. 10:4-12(a) and that comprehensive minutes available to the public were required to have been taken pursuant to N.J.S.A. 10:4-14, the vindication of both plaintiff's and the public's right to have been present dictates that the transcript of the meeting now be made available to plaintiff, at its expense.
Reversed and remanded for the entry of judgment consistent with this opinion.
NOTES
[1] We note that express exception of N.J.S.A. 10:4-8(b) of meetings "(1) attended by less than an effective majority of the members of a public body, or (2) attended by or open to all the members of three or more similar public bodies at a convention or similar gathering." The first of these cannot apply here since the meeting was not in fact held and whether or not a quorum would actually have attended could only be determined after the fact. Nor does the second exception apply since the meeting was not intended as a "convention or similar gathering" as the term "convention is commonly understood" and because we do not view, for the purposes of the Act, the four different types of public bodies here involved as "similar."