158 N.J. Super. 448 (1978)
386 A.2d 445
WOODBURY DAILY TIMES CO., INC., T/A GLOUCESTER COUNTY TIMES, PLAINTIFF-APPELLANT,
v.
GLOUCESTER COUNTY SEWERAGE AUTHORITY, JACK C. SHEPPARD, FRANCIS A. WITT, GEORGE BROWN, WILLIAM MARTINELLI AND CHARLES FASOLA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 4, 1978.
Decided April 20, 1978.
*449 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. Charles J. Sprigman, Jr., argued the cause for appellant.
Mr. Harold L. Crass argued the cause for respondent (Messrs. Herman, Pearson, Crass & Barry, attorneys).
PER CURIAM.
The factual setting for this dispute is adequately set forth in Judge Lowengrub's opinion, reported at 151 N.J. Super. 160. Briefly, three out of the five members of the defendant Sewerage Authority met with representatives of the Department of Environmental Protection on May 2, 1977 to discuss the Department's order to the Authority concerning the disposal of sludge. There was no *450 public notice of the meeting. Plaintiff newspaper claimed that this meeting was held in violation of the Open Public Meetings Act (N.J.S.A. 10:4-6 et seq.) and sought an injunction against further violations of that act by the Authority.
While we disagree with the trial judge's suggestion that a joint meeting of more than one public body could not constitute a "public body" within the intendment of the act (151 N.J. Super. at 167), cf. Allan-Dean Corp. v. Tp. of Bedminster, 153 N.J. Super. 114, 117 (App. Div. 1977) (expressly disagreeing with the suggestion), we agree with his conclusion that the purpose of the May 2 meeting was informational for Authority members and not for the purpose of official action. Under such circumstances the group assembled was not a "public body" within the statutory definition.
Affirmed.