OPINION OF THE COURT
Harold Baer, Jr., J.
This CPLR article 78 petition was filed by the plaintiff Michael Mazzeo Electrical Corporation (Mazzeo) to hold invalid the bid let by the City University of New York (CUNY) for construction of a central animal quarters. The petitioner contends that by having let a single contract for both labor and materials where the work to be performed exceeds $50,000, CUNY violated the General Municipal Law and the State Finance Law. That law, if applicable, would require *854 CUNY to solicit separate specifications and award separate contracts for plumbing and gas fittings, heating and ventilation apparatus and electrical wiring. While there is some question as to whether this matter ought not be decided on the standing issue alone, petitioner having failed to object when this contract was let for a second time on July 28, 1987 and there is as well some question with respect to the exhaustion of remedies, the parties chose and the court concurs, that it be decided on the merits. I find that CUNY is not subject to the General Municipal Law and thus separate specifications and separate awards need not be solicited and the petition must be dismissed.
A review of the General Municipal Law with the Education Law juxtaposed with current school construction revelations helps to clarify the legislative intent. When the rules of statutory interpretation are added to the mix the result seems crystal clear.
Turning to the public bidding process contained in Education Law § 6218, that section, and this aspect is undisputed, is devoted to contracts let by CUNY. Equally clear is that the section does not mandate the fractionalization urged by petitioner. Section 6218 (b) reads in pertinent part as follows: "Except as hereinafter provided, no contract for work or labor or the purchase of supplies, material, or equipment or for the construction or the alteration of any building or facility involving an expenditure or liability of more than ten thousand dollars shall be entered into by the board of trustees, unless said board of trustees shall have duly advertised for bids for the same for a period of not less than five days under regulations to be approved by the board of trustees and the contract in each case shall be awarded to the lowest responsible bidder furnishing the security as required by the board of trustees.” If the legislative intent was to include CUNY contracts in the language of section 101 of the General Municipal Law, the section which specifically includes the fractionalization of contracts let by certain entities, it would have said so. It must be noted that Education Law § 6218 which omits the fractionalization is the more recent statute. The rules of statutory interpretation provide that where a conflict exists between two or more statutes, the language of the more recent statute will govern.
Petitioner further contends that CUNY must be included in General Municipal Law § 101 language which sets out the entities where contract fractionalization is required and reads *855 in part, "Every officer, board or agency of a political subdivision”. The statute in section 100 (1) defines a political subdivision as: "a municipal corporation, school district, district corporation and board of cooperative educational services.” CUNY, it appears to me, may not be included under the political subdivision definition. Rather, it is a separate and distinct body and the Legislature has explicitly said so. (See, Education Law § 6201 [2].) Its independent status is bolstered by other legislative acts, e.g., one that gives CUNY the power to acquire and appropriate property. (See, Education Law § 6206 [5]; § 6213 [2].) One that provides CUNY with authority to make contracts. (See, Education Law § 6218.) And one that denominates CUNY as a separate and distinct public employer. (See, Education Law § 6206.)
While this is a novel issue with respect to CUNY, an analogous situation has been addressed. In Matter of New York City Ch. of Natl. Elec. Contrs. Assn. v Fabber (73 Misc 2d 859 [Sup Ct, NY County], affd 41 AD2d 821 [1st Dept 1973]) the Port Authority of New York and New Jersey let a contract without fractionalizing the bids. It spawned a similar objection to those urged in the case at bar and it met, on similar grounds, a similar fate.
For all these reasons, the claim must be denied and the petition dismissed.